UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                          Case No.: 8:23-cr-454-VMC-UAM

NICHOLAS CASCARIO CLAYTON

_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Nicholas Scott Cascario Clayton's Motion to Dismiss: Challenge to the Constitutionality of 18 U.S.C. § 39A (Doc. # 37), filed on May 15, 2024. The United States of America responded on May 24, 2024. (Doc. # 41). For the reasons that follow, the Motion is denied.

**I.   Background**

Defendant was indicted on two counts of violating 18 U.S.C. § 39A, which criminalizes aiming a laser pointer at an aircraft. (Doc. # 1). Count One alleges that Defendant aimed a laser pointer at "a Falcon 50 Jet operated by pilot D.C., in the special aircraft jurisdiction of the United States." (Id. at 1). Count Two charges Defendant with aiming a laser pointer at "a helicopter operated by Manatee County Sheriff's Office pilot J.B., in the special aircraft jurisdiction of the United States." (Id. at 1-2).

1

Section 39A provides: "Whoever knowingly aims the beam of a laser pointer at an aircraft in the special aircraft jurisdiction of the United States, or at the flight path of such an aircraft, shall be fined under this title or imprisoned not more than 5 years, or both." 18 U.S.C. § 39A(a). "Aircraft" is defined as "a civil, military, or public contrivance invented, used, or designed to navigate, fly, or travel in the air." 18 U.S.C. § 31(a)(1).

The "special aircraft jurisdiction of the United States" includes "any of the following aircraft in flight":

    (A) a civil aircraft of the United States.

    (B) an aircraft of the armed forces of the United States.

    (C) another aircraft in the United States.

    (D) another aircraft outside the United States [under certain circumstances].

    (E) any other aircraft leased without crew to a lessee whose principal place of business is in the United States or, if the lessee does not have a principal place of business, whose permanent residence is in the United States.

49 U.S.C. § 46501(2).

Defendant now seeks dismissal of all counts. (Doc. # 37). The United States has responded (Doc. # 41), and the Motion is ripe for review.

**II. Discussion**

Federal Rule of Criminal Procedure 12(b) empowers a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). "This Court may resolve a motion to dismiss in a criminal case when the 'infirmity' in the indictment is a matter of law and not one of the relevant facts is disputed." United States v. Al-Arian, 308 F. Supp. 2d 1322, 1332 (M.D. Fla. 2004).

Here, Defendant argues that Section 39A is unconstitutional facially for both counts and as applied in Count Two. The Court will address the as applied challenge first. See Bd. of Trustees of State Univ. of New York v. Fox, 492 U.S. 469, 485 (1989) ("[F]or reasons relating both to the proper functioning of courts and to their efficiency, the lawfulness of the particular application of the law should ordinarily be decided first.").

**A. As Applied Challenge to Count Two**

The aircraft at issue in Count Two is a Manatee County Sheriff's Office's helicopter. (Doc. # 1 at 1-2). According to Defendant, that helicopter "is not an instrumentality of interstate commerce" because it "never leaves Florida." (Doc. # 37 at 15). Additionally, Defendant argues that "the

3

intrastate conduct addressed by Count Two, in the aggregate, [does not] substantially affect interstate commerce." (Id.). Thus, in Defendant's mind, Count Two goes beyond the federal government's authority under the Commerce Clause as applied to him.

The Constitution delegates to Congress the power "[t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." Art. I, § 8, cl. 3. There are "three broad categories of activity that Congress may regulate under its commerce power." United States v. Lopez, 514 U.S. 549, 558 (1995). These are:

> (1) "the use of the channels of interstate commerce";
>
> (2) "the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities"; and
>
> (3) "those activities having a substantial relation to interstate commerce, . . . i.e., those activities that substantially affect interstate commerce."

Id. at 558-59.

Defendant's as applied argument fails. The airspace in which the helicopter was flying is a "channel of interstate commerce." Indeed, the Eleventh Circuit has stated that channels of interstate commerce include "highways, railroads,

4

navigable waters, and *airspace*." United States v. Ballinger, 395 F.3d 1218, 1225-26 (11th Cir. 2005) (emphasis added); see also Ickes v. F.A.A., 299 F.3d 260, 263 (3d Cir. 2002) ("It is beyond dispute that Congress's power over interstate commerce includes the power to regulate use of the nation's navigable airspace, which is a channel of interstate commerce."). The Court agrees with the United States that the fact that "the helicopter was operating within the airspace of the United States and, therefore, was operating in a channel of interstate commerce" alone "dooms [Defendant's] constitutional challenge to Count Two." (Doc. # 41 at 5).

The Court additionally agrees with the United States that the aircraft — the helicopter — is an instrumentality of interstate commerce. See Ballinger, 395 F.3d at 1226 ("Instrumentalities of interstate commerce . . . are the people and things themselves moving in commerce, including automobiles, airplanes, boats, and shipments of goods."). Because the helicopter is an instrumentality of interstate commerce like other aircraft, "any threat to [it] — such as the one posed by [Defendant's] aiming of a laser beam — is properly subjected to regulation *even if* the threat comes from a purely intrastate activity." (Doc. # 41 at 6); see Ballinger, 395 F.3d at 1225 ("Congress is empowered to

5

regulate and protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities."); Ickes, 299 F.3d at 263 ("[B]ecause airplanes constitute instrumentalities of interstate commerce, any threat to them, such as the one posed by Ickes' flights of his Challenger II, is properly subjected to regulation even if the threat comes from a purely intrastate activity." (citation omitted)); Garcia v. Vanguard Car Rental USA, Inc., 510 F. Supp. 2d 821, 835 (M.D. Fla. 2007) ("Congress can regulate such instrumentalities 'even though the threat may come only from intrastate activities,' and this concept completely deflates the Plaintiffs' argument that the Graves Amendment does not appropriately regulate the instrumentalities of interstate commerce because its preemptive effect is not limited solely to instances where the leased vehicle leaves the state." (citation omitted)), aff'd, 540 F.3d 1242 (11th Cir. 2008).

Finally, the Court agrees again with the United States that "air travel is substantially related to interstate commerce." (Doc. # 41 at 6); see also Fejes v. Fed. Aviation Admin., 98 F.4th 1156, 1161 (9th Cir. 2024) ("Even if an airplane, like a car, is mainly used for intrastate

6

activities, its operations could substantially impact interstate commerce."). As the Fifth Circuit has observed, "if confidence in the [FAA's ability to regulate aviation safety] is eroded, people would be less likely to fly, and this would affect interstate commerce." United States v. Downs, 299 F. App'x 310, 314 (5th Cir. 2008).

For all these reasons, Defendant's Motion is denied for his as applied challenge to Count Two.

**B. Facial Challenge**

The Court now addresses Defendant's facial challenge to the constitutionality of Section 39A. "A facial challenge, as distinguished from an as-applied challenge, seeks to invalidate a statute or regulation itself." Horton v. City of St. Augustine, 272 F.3d 1318, 1329 (11th Cir. 2001) (quoting United States v. Frandsen, 212 F.3d 1231, 1235 (11th Cir. 2000)). "The general rule is that for a facial challenge to a legislative enactment to succeed, 'the challenger must establish that no set of circumstances exists under which the Act would be valid.'" Id. (quoting United States v. Salerno, 481 U.S. 739, 745 (1987)).

Because Section 39A as applied to Defendant in Count Two is constitutional, Defendant cannot prove that "no set of

7

circumstances exists" under which Section 39A is valid. See United States v. Guite, 652 F. App'x 829, 833 (11th Cir. 2016) ("[I]f § 2251 is constitutional as applied to Guite, his facial challenge to the statute also fails."). Thus, Defendant's facial challenge to Section 39A fails for the same reasons discussed previously.

Furthermore, the Court agrees with the United States that "there are ample circumstances . . . under which Section 39A is constitutional," including the circumstances surrounding Count One. (Doc. # 41 at 10); see also (Doc. # 37 at 14) (Defendant conceding in his Motion that "there is likely some constitutional application of § 39A, implicating Congress's commerce power"). Regarding Count One, "the Falcon 50 jet [] struck by [Defendant's] laser was traveling from Colorado to Florida and to make the trip, among other things, purchase[d] fuel and compensate[d] its pilots" — conduct involving interstate commerce and use of the channels of interstate commerce. (Doc. # 41 at 10).

The Motion is denied as to the facial challenge.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Nicholas Scott Cascario Clayton's Motion to Dismiss: Challenge to the Constitutionality of 18 U.S.C. § 39A (Doc. # 37) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>31st</u> day of May, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE