UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No.: 8:23-cr-454-VMC-UAM

NICHOLAS CASCARIO CLAYTON

_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Nicholas Scott Cascario Clayton's Unopposed Motion to Determine Defendant's Competency. (Doc. # 53). On August 23, 2024, the Court conducted a hearing pursuant to 18 U.S.C. § 4241(d).

Prior to the hearing, Mr. Cascario Clayton was examined on multiple occasions by Dr. Scot D. Machlus, a licensed psychologist. As stated in his written report, Dr. Machlus determined that Mr. Cascario Clayton suffers from a mental defect that renders him unable to adequately understand the nature and consequences of the proceedings against him. (Doc. # 53-1). Dr. Machlus recommended that Mr. Cascario Clayton be found incompetent to proceed and committed to the custody of the Attorney General for further evaluation and treatment to restore competency. At the August 23 hearing, no party contested Dr. Machlus's findings and opinion and both parties

1

agreed that Mr. Cascario Clayton should be committed to the custody of the Attorney General for further evaluation and treatment to restore competency.

Upon review of Dr. Machlus's report and having considered the matter, the Court finds by a preponderance of the evidence that Mr. Cascario Clayton is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Nicholas Scott Cascario Clayton's Unopposed Motion to Determine Defendant's Competency (Doc. # 53) is **GRANTED.**

(2) Nicholas Scott Cascario Clayton is hereby **REMANDED** to the custody of the Attorney General for treatment in a suitable hospital facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future Mr. Cascario Clayton will attain the mental capacity to permit the proceedings to go forward.

(3)  The parties shall furnish to the designated institution a copy of Dr. Machlus's report and any other pertinent information.

(4)  The director of the facility designated by the Attorney General shall report to the Court Mr. Cascario Clayton's status within this period. If necessary, this Court will entertain a request for an additional reasonable period of commitment as authorized under 18 U.S.C.§ 4241(d)(2).

(5)  If the director of the facility in which Mr. Cascario Clayton is hospitalized determines that he has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the director shall promptly file a certificate to that effect with the Clerk of the Court.

(6)  If Mr. Cascario Clayton has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense but the facility recommends medication, the U.S. Marshall shall insure that he remains on any prescribed medications once released from the designated facility and returned to the United States District for

the Middle District of Florida, including during transportation.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23rd day of August, 2024.

　　　　　　　　　　　　　　　　　*/s/ Virginia M. Hernandez Covington*
　　　　　　　　　　　　　　　　　VIRGINIA M. HERNANDEZ COVINGTON
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE