UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                              Case No.: 8:23-cr-454-VMC-LSG

NICHOLAS CASCARIO CLAYTON

_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Nicholas Scott Cascario Clayton's Second Motion to Dismiss (Doc. # 76), filed on December 31, 2024. The United States of America responded on January 21, 2025. (Doc. # 78). For the reasons that follow, the Motion is denied.

**I.    Background**

Defendant was indicted on two counts of violating 18 U.S.C. § 39A, which criminalizes aiming a laser pointer at an aircraft. (Doc. # 1). Count One alleges that Defendant aimed a laser pointer at "a Falcon 50 Jet operated by pilot D.C., in the special aircraft jurisdiction of the United States." (Id. at 1). Count Two charges Defendant with aiming a laser pointer at "a helicopter operated by Manatee County Sheriff's Office pilot J.B., in the special aircraft jurisdiction of the United States." (Id. at 1-2).

1

In August 2024, Defendant filed an unopposed motion to determine his competency. (Doc. # 53). After a hearing, the Court found Defendant incompetent to proceed and remanded him "to the custody of the Attorney General for treatment in a suitable hospital facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future [Defendant] will attain the mental capacity to permit the proceedings to go forward." (Doc. # 61).

Now, Defendant moves to dismiss the indictment with prejudice. (Doc. # 76). The United States has responded. (Doc. # 78). Notably, Defendant was hospitalized on January 28, 2025, at FMC Butner. (Doc. # 79). The Motion is ripe for review.

## II. <u>Discussion</u>

Federal Rule of Criminal Procedure 12(b) empowers a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1).

Here, Defendant argues the indictment should be dismissed with prejudice because Defendant has been detained for months awaiting hospitalization. (Doc. # 76). According

2

to him, "[t]he Attorney General's delay has violated [his] statutory and constitutional rights." (Id. at 5). Specifically, Defendant insists the delay in hospitalization violates 18 U.S.C. § 4241(d) and the Due Process Clause.

But the law is not on his side. Section 4241(d) provides in relevant part that the Attorney General "shall hospitalize the defendant for treatment in a suitable facility . . . for such reasonable period of time, *not to exceed four months*, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d) (emphasis added). The Eleventh Circuit has ruled that "the four-month limitation applies to the period of hospitalization." United States v. Alhindi, 97 F.4th 814, 824 (11th Cir. 2024), cert. denied, No. 24-6031, 2025 WL 76654 (Jan. 13, 2025). Indeed, Section "4241(d) implicitly recognizes that hospitalization cannot occur instantaneously" because "the Attorney General must find a 'suitable facility' in which to hospitalize the defendant" and transport him there. Id. at 826. "As a practical matter, the Attorney General needs a reasonable amount of time to accomplish these things." Id. Thus, Defendant's being held for roughly five

months *prior to* hospitalization does not violate Section 4241(d).

Even if the length of Defendant's detention was inappropriate under Section 4241(d), dismissal of the indictment with prejudice would not be a proper remedy. See United States v. Curtin, 78 F.4th 1299, 1308 (11th Cir. 2023) ("[T]here's no particular reason to think — at least none has been explained to us — that dismissal would be the (or even *an*) appropriate response to a § 4241(d) violation, there being no clear logical relationship between the wrong (over-detention) and the remedy (expungement of the entire case)."), cert. denied, 144 S. Ct. 595 (2024), reh'g denied, 144 S. Ct. 1089 (2024).

Likewise, Defendant's detention does not violate due process. "[D]ue process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." Jackson v. Indiana, 406 U.S. 715, 738 (1972). "[A] person charged . . . with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future." Id.

The Court agrees with the United States that "neither the Supreme Court nor the Eleventh Circuit has held that a five-month period of pre-hospitalization commitment violates due process." (Doc. # 78 at 7); see Jackson, 406 U.S. at 738 ("[W]e do not think it appropriate for us to attempt to prescribe arbitrary time limits."). While it is unfortunate that it took approximately five months for a hospital bed to become available, the length of the pre-hospitalization commitment here is reasonable under the circumstances. There are practical, logistical considerations that have slowed down the process of hospitalization. As Defendant acknowledges, the Attorney General has only three facilities to hospitalize male defendants (FMC Butner, USMCFP Springfield, and FMC Devens) and the average wait for males to enter such facilities is eight to ten months. (Doc. # 76 at 4-5). Despite this backlog, Defendant has been hospitalized in less than the average wait time. For all these reasons, there has been no constitutional violation here.

The Motion is denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Nicholas Scott Cascario Clayton's Second Motion to Dismiss (Doc. # 76) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 6th day of February, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE